# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:02CR260

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| EDWARD J. BEACH (2), ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Compel Aaron Michel to Produce and Provide Documents/Records to Defendant, filed August 1, 2005, and Defendant's *pro se* Petition for Declaratory Judgment, filed December 19, 2005.

On April 18, 2005, a jury found Defendant guilty of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count One), and manufacturing a quantity of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two). On November 21, 2005, this Court sentenced Defendant to 188 months imprisonment on both Count One and Count Two, with the terms of imprisonment to run concurrently. Judgment was entered on December 9, 2005. Defendant filed a Notice of Appeal on December 9, 2005. On December 19, 2005, the United States Court of Appeals for the Fourth Circuit appointed Aaron Michel to continue his representation during Defendant's appeal. The Fourth Circuit has not yet ruled on the issues raised in Defendant's appeal.

**A.     Motion to Compel Aaron Michel to Produce Documents**

In his Motion to Compel, Defendant contends that, despite his numerous requests, Mr.

1

Michel has failed to provide Defendant with various documents. Defendant asks the Court to compel Mr. Michel to produce such documents to Defendant. Defendant maintains that "Mr. Michel has knowingly and willingly refused/failed to act or respond to verbal and written instruction or request [sic] by me (Edward J. Beach) his client." (Def. Mot. to Compel p. 2). Notably, Defendant does not advise the Court what specific documents Mr. Michel has in his possession, which he allegedly refuses to provide to Defendant. Rather, Defendant states that Mr. Michel was advised of the specific documents in a letter dated May 27, 2005.

With regard to Defendant's request for various documents, the Court orders Mr. Michel to provide Defendant with copies of any documents that were requested by Defendant and that are in Mr. Michel's possession. Moreover, Mr. Michel should advise Defendant in writing of any documents requested by Defendant that are not in Mr. Michel's possession.

**B.     Motion for Declaratory Judgment**

In his Motion for Declaratory Judgment, Defendant asks the Court to discharge Mr. Michel as his attorney, and to withdraw Mr. Michel's Notice of Appeal and enter Defendant's *pro se* Notice of Appeal. With regard to his request to discharge Mr. Michel, since Defendant has filed a Notice of Appeal, this Court does not have jurisdiction to rule on Defendant's request. Rather, the United States Court of Appeals for the Fourth Circuit is vested with the jurisdiction to rule on Defendant's Motion and to appoint substitute counsel for appellate purposes. *See* FED. R. CRIM. P. 44(b) (stating "[f]ederal law and local court rules govern the procedure for implementing the right to counsel"); *see also* U.S. CT. APP. 4TH CIR., Rule 46(d) (noting "[i]n every appeal in which appointment of counsel is mandated . . . counsel is appointed upon the docketing of the appeal without prior notice to the attorney who represented the indigent in the

case below"); U.S. CT. APP. 4ᵀᴴ CIR. Appendix 2, Section II (1) (stating "[e]very appointment of counsel pursuant to the Criminal Justice Act and this Plan shall be made by an order of *this court*") (emphasis added).  However, on April 3, 2006, the Fourth Circuit denied Defendant's Motion to Substitute Counsel, thereby rendering Defendant's Motion before this Court moot.

Regarding Defendant's request that the Court withdraw Mr. Michel's Notice of Appeal and substitute Defendant's *pro se* Notice of Appeal, the Court advises Defendant that both documents are part of the record on appeal.  Moreover, since Defendant does not advise the Court the basis on which Mr. Michel's Notice of Appeal should be withdrawn, the Court will allow both notices to remain part of the record.[1]

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Compel Aaron Michel to Produce Documents is hereby **GRANTED**.  **The Court orders Mr. Michel to provide Defendant with copies of any documents that were previously requested by Defendant and that are in Mr. Michel's possession.  Moreover, Mr. Michel should advise Defendant in writing of any documents requested by Defendant that are not in Mr. Michel's possession**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Declaratory Judgment is hereby **DENIED** for lack of jurisdiction.

The Clerk is directed to send copies of this Order to Defense Counsel, Defendant, and the United States Attorney.

---

[1] Defendant is advised that a notice of appeal is simply that - a notice to the Fourth Circuit of a defendant's intent to appeal the judgment in the case. A notice of appeal is not a culmination of the arguments the defendant intends to raise in his appeal. Moreover, Defendant's *pro se* Notice of Appeal was prematurely filed because Defendant had not been sentenced at the time of the filing. Therefore, Mr. Michel's Notice of Appeal simply preserved Defendant's right to appeal his judgment to the Fourth Circuit.

Signed: August 3, 2006

*Richard L. Voorhees*

Richard L. Voorhees
United States District Judge