UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV449-V-1
(3:02CR260-V)

| | |
|---|---|
| EDWARD J. BEACH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 18, 2007.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on April 18, 2005, after trial by jury, Petitioner was convicted of conspiracy to manufacture and possess with intent to distribute 500 or more grams of methamphetamine and of knowingly manufacturing and attempting to manufacture 50 or more grams of methamphetamine. On November 21, 2005, the Court sentenced Petitioner to 188 months imprisonment on each count to run concurrently. Judgment was filed on December 9, 2005. That same day, Petitioner filed a Notice of Appeal.

---

[1] As noted in the Court's November 9, 2007, Order, this Court has applied the mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988), and used October 18, 2007, the date Petitioner alleges that he placed his Motion in the prison mailing system, as the filing date.

On August 30, 2006, the United States Court of Appeals fo the Fourth Circuit affirmed Petitioner's sentence and conviction. Beach v. United States, No. 05-5234 (Aug. 30, 2006, 4th Cir.) Petitioner then filed a petition for writ of certiorari with the United States Supreme Court. Petitioner's petition was denied on October 16, 2006. Beach v. United States, 127 S. Ct. 452 (2006).

On October 18, 2007, Petitioner filed the instant Motion to Vacate, challenging several matters pertaining to his conviction and sentence. After conducting an initial review of Petitioner's motion, the Court concluded that it appeared that Petitioner's Motion to Vacate was untimely. Therefore, the Court issued a Hill notice ordering Petitioner to set forth why his Motion to Vacate was timely. On November 26, 2007, this Court received Petitioner's response.

In his response to the Hill notice, Petitioner does not challenge the dates used by the Court but asserts that his Motion to Vacate should be considered timely for two reasons. First, Petitioner states that pursuant to Federal Rule of Civil Procedure 6(e) his limitation period under AEDPA should be extended by three days and therefore his Motion was timely filed. Second, Petitioner asserts that he would have filed his Motion to Vacate sooner but unidentified prison officials delayed his receipt of copies of unspecified legal work for two weeks.

Petitioner's claim that his Motion to Vacate is timely due

to the application of Rule 6(e) is unavailing.  The United States
Court of Appeals for the Fourth Circuit has explicitly rejected
the application of Rule 6(e)to Motions to Vacate.  See Rouse v.
Lee, 339 F.3d 238, 245-46 (4th Cir. 2003)(holding that Rule 6(e)
does not extend AEDPA's limitation period), cert. denied, 541
U.S. 905 (2004).

Petitioner's assertion that prison officials somehow delayed
his receipt of copies for two weeks appears to be a request for
equitable tolling.  The Fourth Circuit has stated that "any
invocation of equity to relieve the strict application of a
statute of limitations must be guarded and infrequent lest
circumstances of individualized hardship supplant the rules of
clearly drafted statutes."  See Harris v. Hutchinson, 209 F.3d
325, 330(4th Cir. 2000.)  That is, equitable tolling is "reserved
for those rare instances where – due to circumstances external to
the party's own conduct – it would be unconscionable to enforce
the limitation period against the party and gross injustice would
result." Id. at 330.

Petitioner fails to meet the heavy burden required for
equitable tolling.  As an initial matter, Petitioner's argument
is altogether too vague.  For example, he does not specify how
the alleged copies were delayed.  Nor does Petitioner say when
this two week delay was experienced.  In addition, Petitioner
does not specify why his Motion to Vacate could not have been

filed initially without these copies.  Finally, Petitioner does not explain why he apparently waited so close to the deadline to request copies.  Regardless, this Court does not find that a slight delay in receiving copies of documents warrants the invocation of equitable tolling.

For the reasons set forth in this Court's November 9, 2007, this Court holds that Petitioner's Motion to Vacate is untimely.

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely.

Signed: November 30, 2007

Richard L. Voorhees
United States District Judge